Richard John **STEFFAN**, Appellant,

v.

Asther **STEFFAN**, Appellee.

No. 14–98–00296–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 21, 2000.

Shawn Casey, Houston, for appellant.

John Robert Stevens, Pasadena, Michael P. Delaney, Houston, Roy D. Mease, Lester Rorick, Pasadena, for appellee.

Panel consists of Justices YATES, HUDSON and FOWLER.

## OPINION

FOWLER, Justice.

Richard John Steffan, appellant, appeals from a final decree entered in the divorce proceedings between himself and his former wife, Asther Steffan. Raising three issues, he complains that (1) requests for admission served on him as a non-answering party could not be deemed admitted by operation of law; (2) the trial court abused its discretion in not allowing these deemed admissions to be withdrawn, and (3) Asther was judicially estopped from receiving at retrial more property than that which she testified on a default basis was just and right. We affirm.

In August of 1996, Asther filed divorce proceedings against appellant Richard, and included notice of a show cause hearing for temporary orders. Richard appeared *pro se* at the hearing and signed agreed temporary orders, but did not file a formal answer to the lawsuit. Over eight months later, Asther served requests for admission and other discovery on Richard. Richard did not respond to the discovery or answer the requests for admission, and in July of 1997, Asther obtained a default judgment against him.

Richard immediately retained counsel, filed a motion for new trial, and was granted a retrial. In October of 1997, the case proceeded to trial on the merits, at which time Richard complied with the discovery requests and asked the court to allow him to withdraw the deemed admissions. The trial court denied the motion, and precluded Richard from presenting any evidence that conflicted with his deemed admissions. The trial court divided the marital estate and entered a final decree of divorce, from which Richard now appeals.

By his first issue, Richard complains that inasmuch as he was a non-answering party at the time, Asther could not serve him with requests for admission; because he could not be served with the admissions, they were a legal nullity, and could not be deemed admitted. Appellant does not cite any case law holding that requests for admission served on a non-answering party are a nullity, nor does he deny that he is a party, rather, he refers us to Rule 169 of the Texas Rules of Civil Procedure [1] as it existed at the time of these proceedings:

> 1. Requests for Admission. At anytime after commencement of the action, a party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters.... Whenever a party is represented by an attorney of record, service of a request for admissions shall be made on his attorney unless service on the party himself is ordered by the court....

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of fifty days after service of the citation and petition upon the defendant.

> 2. Effect of Admission. Any matter admitted under this rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission....

1. Unless otherwise noted, all references to rules are to the Texas Rules of Civil Procedure.

Richard further refers us to Rule 21a, which provides that pleadings and matters required to be served on a party (other than an original citation of service) may be served by delivering a copy to the party to be served (by specified methods such as hand delivery, certified mail and registered mail), or the party's duly authorized agent or attorney of record.

Richard contends that neither of these rules provides for service of requests for admission on a non-answering party, and that they imply a requirement that the party being served has filed pleadings designating himself or a representative as properly before the court for purposes of accepting notice. He further contends that just as a plaintiff cannot obtain additional relief on default without having an amended petition served on a non-answering defendant, *see Weaver v. Hartford Accident & Indem. Co.,* 570 S.W.2d 367, 370 (Tex.1978), it follows that admissions cannot be deemed against a non-answering defendant without service by citation as well. For two reasons, we disagree.

■ First, nothing in either Rule 169 or 21a requires that the party being served must first file a responsive pleading with the court or otherwise make a general appearance before requests for admission or other discovery can be propounded upon him, nor do these rules require that discovery be served on a non-answering party by service of citation versus certified mail. To the contrary, the plain language of Rule 169 states that requests for admission may be served on a party any time after *commencement* of the action, and that they may be served by complying with Rule 21a. The plain language of Rule 21a provides that any notice, pleading or other form of request required to be served under Rule 21a, may be served by

certified mail; the only specified exclusion is service of the original citation.

Under Rule 22, a lawsuit is *commenced* by the filing of a petition, not upon the filing of a responsive answer or the making of a general appearance to the lawsuit. Asther complied with Rule 169 by serving Richard with the requests for admission after commencement of her suit, and served him with such requests by certified mail as provided under Rule 21a.

Second, the requirement found in *Weaver,* that an amended petition must be served on a non-answering party, does not apply here. In *Weaver,* and the other cases holding that an amended petition must be served on the non-answering defendant, the amended petition prayed for a more onerous judgment. *See id.* at 370; *Payne & Keller v. Word,* 732 S.W.2d 38, 42 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).[2] That issue is not present here. Thus, Richard was properly served with the requests for admission. It is immaterial whether he was an answering or non-answering party at the time he received the requests, and we need not reach Richard's argument that his appearance at the show cause hearing was not a general appearance.

In short, as Richard was properly served with the requests for admission and he did not timely answer or object to the requests, they were deemed admitted by operation of law. *See* Tex.R.Civ.P 169. Richard's first issue is overruled.

Richard's second issue is intertwined with his first, and argues that as he was a non-answering party at the time he was served with the requests, the trial court abused its discretion in not allowing him to withdraw the deemed admissions. Underlying this issue is Richard's position that discovery served on a non-answering party

**2.** We also note that no due process problem exists here. Richard was served with the original petition and also received the request for admissions. *See e.g., Dispensa v. University State Bank,* 987 S.W.2d 923, 928 (Tex.

App.—Houston [14th Dist.] 1999, no pet.) (holding that even though defendant was not served with citation, where he did receive actual notice of the suit, due process was not violated).

is a legal nullity. As we have already stated, we find this position untenable.

Richard argues in the alternative, however, that, assuming discovery can be served on a non-answering party, he met the three criteria under Rule 169(2) for setting aside deemed admissions, such that the trial court abused its discretion in allowing the deemed admissions to stand. Under the rule, deemed admissions may be ordered withdrawn "[u]pon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." The burden is on the party seeking withdrawal to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer. *See North River Ins. Co. v. Greene*, 824 S.W.2d 697, 699–700 (Tex. App.—El Paso 1992, writ denied). The failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996).

A trial court has broad discretion to allow or deny the withdrawal of deemed admissions. *See Employers Ins. v. Halton*, 792 S.W.2d 462, 464 (Tex.App.—Dallas 1990, writ denied). An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, the trial court clearly abused its discretion by acting without reference to guiding rules or principles, or acted arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985).

Here, Richard states that he showed "good cause" because he was a *pro se* litigant at the time the requests were served on him, and he did not know or understand the consequences of failing to timely answer. However, we note that a *pro se* litigant must comply with the applicable laws and rules of procedure. *See*

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978). Moreover, the requests for admission had the legal consequences of non-compliance written on their face—the requests stated that they would be deemed admitted unless sworn to, answered and delivered to Asther within thirty days after service. Richard has not shown that his alleged ignorance of the law rendered his non-compliance an accident or a mistake, rather than intentional or the result of conscious indifference. We find no abuse of discretion by the trial court in denying Richard's request to withdraw the deemed admissions, and overrule the second issue.

Lastly, Richard's third issue argues that Asther was judicially estopped from receiving more property at retrial than she testified was a just and right division at the default judgment hearing. Richard states that when Asther testified at the default hearing as to her position on a just and right property division, she could not then testify on retrial that a greater award of property would be a just and right property division. Richard misapplies the doctrine of judicial estoppel.

Judicial estoppel bars a party from adopting an inconsistent position at a judicial proceeding if he has successfully maintained a position in a prior judicial proceeding. *See Vinson & Elkins v. Moran*, 946 S.W.2d 381, 396 (Tex.App.—Houston [14th Dist.] 1997, writ dism'd by agr.). This doctrine eliminates "prejudice that would result to the administration of justice if a litigant were allowed to swear one way one time and a different way another time." *Id.* However, judicial estoppel only applies if the party to be estopped has made a sworn, prior inconsistent statement in a prior judicial proceeding and successfully maintained the prior position. *See id.* The doctrine applies only in a subsequent action or proceeding, and does not apply to a contrary position taken within the same proceeding. An appeal from a prior or former proceeding is not a "subsequent action." *Id.* at 397. Richard's reliance on

*Plate & Platter, Inc.*, 780 S.W.2d 453 (Tex. App.—Dallas 1989, writ denied), an election of remedies case, is misplaced, as is his reliance on *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956), which shows the proper application of judicial estoppel from a judgment proceeding to a subsequent enforcement proceeding.

Asther was not barred by judicial estoppel from seeking and receiving a marital property division on retrial different from the division she had requested at the default hearing. Appellant's third issue is overruled.

The judgment is affirmed.