COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-265-CV
 
MINA BEHZAD-NOORI                                                                        
APPELLANT
V.
ALAN MATTHEW GILLIAM AND                                                            
APPELLEES
RYDER INTEGRATED LOGISTICS
------------
FROM THE 352ND DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
This is a summary judgment appeal.
Because we hold that the trial court properly granted summary judgment for
Appellees based on admissions deemed against Appellant, we will affirm the trial
court's judgment.
On August 4, 1999, an accident
occurred involving vehicles driven by Appellant Mina Behzad-Noori
("Mina") and Appellee Alan Matthew Gilliam ("Gilliam"). Mina
sued Gilliam and his employer, Ryder Integrated Logistics ("Ryder"),
alleging that Gilliam negligently caused the accident while in the course and
scope of his employment with Ryder. Gilliam served discovery, including requests
for admissions, on Mina. Mina failed to answer any of Gilliam's discovery,
including the request for admissions. Mina's responses to Gilliam's discovery
were due on November 5, 2001.
On February 19, 2002, Appellees
moved for summary judgment. Gilliam asserted that, based on the admissions
deemed against Mina, he was entitled to judgment as a matter of law. Ryder
contended that, because Mina pleaded only a vicarious liability theory of
recovery against it, it was entitled to summary judgment if Gilliam was entitled
to summary judgment.
On March 15, 2002, Mina filed a
motion to withdraw the admissions deemed against her. Mina's motion is supported
by the affidavit of her counsel explaining that the failure to answer the
discovery, including the admissions, was an accident. Also on March 15, 2002,
Mina filed a response to Appellees' summary judgment motion reasserting her
motion to withdraw the deemed admissions and attaching a portion of her
deposition that she asserted created a fact issue in her lawsuit as to liability
and damages. The trial court conducted a summary judgment hearing on April 12,
2002 and granted summary judgment for Appellees on May 1, 2002. In a single
issue on appeal, Mina argues that the trial court abused its discretion by
failing to grant her motion to withdraw the deemed admissions and by granting
summary judgment for Gilliam and Ryder based on the deemed admissions.
When a party fails to answer a
request for admissions, the matters therein are deemed admitted. Tex. R. Civ. P.
198.2(c). Such admissions are "conclusively established as to the party
making the admission unless the court permits the party to withdraw or amend the
admission." Id. 198.3. The court may permit a party to withdraw
deemed admissions if the party shows good cause for the withdrawal and the court
finds that the parties relying on the admissions will not be unduly prejudiced
and the presentation of the merits of the action will be served by the
withdrawal. Id. The party seeking withdrawal of deemed admissions has
the burden to establish good cause. Webb v. Ray, 944 S.W.2d 458, 461
(Tex. App.--Houston [14th Dist.] 1997, no writ).
A party demonstrates good cause to
withdraw admissions by showing that its failure to answer was not intentional or
the result of conscious indifference, but was accidental or the result of
mistake, and that the parties relying on the responses will not be unduly
prejudiced. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). When,
however, counsel fails to answer requests for admission after the failure to
answer is called to his attention, this fact weighs against a finding of
"good cause." See Darr v. Altman, 20 S.W.3d 802, 808 (Tex.
App.--Houston [14th Dist.] 2000, no pet.); Morgan v. Timmers
Chevrolet, Inc., 1 S.W.3d 803, 807 (Tex. App.--Houston [1st
Dist.] 1999, pet. denied); cf. Tex. Capital Sec., Inc. v. Sandefer, 58
S.W.3d 760, 771 (Tex. App.--Houston [1st Dist.] 2001, pet. denied)
(holding intentional act of party in providing erroneous address negated good
cause for failure to timely answer requests for admission served at wrong
address); Steffan v. Steffan, 29 S.W.3d 627, 631 (Tex. App.--Houston
[14th Dist.] 2000, pet. denied) (holding fact that litigant was pro
se and said he did not understand consequences of failure to answer request for
admissions did not establish good cause). Additionally, the failure to
expediently move to withdraw deemed admissions may vitiate good cause existing
for a failure to timely answer requests for admission. Darr, 20 S.W.3d
at 808.
A trial court has broad discretion
to permit or deny the withdrawal of deemed admissions. Stelly, 927
S.W.2d at 622. An abuse of discretion occurs when a court acts without reference
to guiding rules or principles, or acts arbitrarily or unreasonably. Id.;
Morgan, 1 S.W.3d at 806. We will not conclude that a trial court abused
its discretion simply because we would have ruled differently in the same
circumstances or the trial court committed a mere error in judgment. Coastal
Tankships, U.S.A., Inc. v. Anderson, 87 S.W.3d 591, 597 (Tex. App.--Houston
[1st Dist.] 2002, pet. denied).
Here, Mina's responses to Gilliam's
request for admissions were due November 5, 2001. When Mina failed to timely
answer any of the discovery Gilliam served upon her, Gilliam's counsel spoke
with Mina's counsel on several occasions requesting responses to the outstanding
discovery. Finally, on December 20, 2001, Gilliam filed a motion to compel
Mina's responses to the discovery. The hearing on Gilliam's motion to compel was
set for January 30, 2002, and later reset until February 22, 2002. On February
11, 2002, Mina responded to Gilliam's discovery requests. On March 15, 2002,
after Ryder and Gilliam filed their February 11, 2002 motion for summary
judgment, Mina filed a motion to withdraw deemed admissions.
Mina's counsel's affidavit,
attached to the motion to withdraw, explains that: Ryder served discovery on
Mina first; an extension of time was obtained to file responses to Ryder's
discovery; he received Gilliam's discovery, told his legal assistant the due
date, and instructed her to get Mina into the office to answer it; he relied
upon his legal assistant to keep up with the overlapping discovery deadlines in
this case; his niece was killed by a drunk driver on October 24, 2001, that as a
result of his niece's death he was preoccupied with family matters to the extent
he was only concerned about the deadlines written on his calendar, and that the
due date for Gilliam's discovery was not written on his calendar because he
intended to respond to it as soon as Mina came into his office to meet with him;
Ryder's discovery was answered on November 6, 2001; on November 20, 2001, he
became aware that Gilliam's discovery was outstanding; he realized in early
December 2001 that the outstanding discovery included requests for admission;
and the reason he did not file a motion to withdraw deemed admissions sooner was
because the trial setting in this case was not until February 17, 2003.
Under these circumstances, we
cannot conclude that the trial court abused its discretion by impliedly refusing
to permit Mina to withdraw the admissions deemed against her. See, e.g.,
Darr, 20 S.W.3d at 808; Morgan, 1 S.W.3d at 807. The trial
court could have concluded that Mina failed to meet her burden of establishing
good cause for the withdrawal of the deemed admissions. Although counsel knew on
November 20, 2001 that Gilliam's discovery was outstanding Mina did not answer
Gilliam's discovery until it was over three months past due. Then, Mina did not
file a motion to set aside deemed admissions until after Gilliam and Ryder moved
for summary judgment on the basis of the deemed admissions. Even though we may
have ruled differently and granted Mina's motion to withdraw deemed admissions,
in light of the case law holding that when a party possesses actual knowledge of
outstanding, overdue requests for admissions and deemed admissions, significant
delays in answering those requests and moving to set aside those deemed
admissions weighs against a good cause finding, we cannot hold that the trial
court acted without reference to any guiding principles by impliedly denying
Mina's motion to withdraw deemed admissions.
Summary judgment for Gilliam and
Ryder was proper based on the admissions deemed against Mina. See, e.g.,
Beasley v. Burns, 7 S.W.3d 768, 769 (Tex. App. --Texarkana 1999, pet.
denied) (affirming summary judgment based on deemed admissions). We overrule
Mina's sole issue and affirm the trial court's judgment.
 
                                                                               
SUE WALKER
                                                                               
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
[Delivered March 6, 2003]

1. See Tex. R. App. P. 47.4.