Mina Behzad-Noori v. Alan Matthew Gilliam and Ryder Integrated Logistics

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-265-CV

MINA BEHZAD-NOORI APPELLANT

V.

ALAN MATTHEW GILLIAM AND APPELLEES

RYDER INTEGRATED LOGISTICS

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a summary judgment appeal.  Because we hold that the trial court properly granted summary judgment for Appellees based on admissions deemed against Appellant, we will affirm the trial court’s judgment.

On August 4, 1999, an accident occurred involving vehicles driven by Appellant Mina Behzad-Noori (“Mina”) and Appellee Alan Matthew Gilliam (“Gilliam”).  Mina sued Gilliam and his employer, Ryder Integrated Logistics (“Ryder”), alleging that Gilliam negligently caused the accident while in the course and scope of his employment with Ryder.  Gilliam served discovery, including requests for admissions, on Mina.  Mina failed to answer any of Gilliam’s discovery, including the request for admissions.  Mina’s responses to Gilliam’s discovery were due on November 5, 2001.

On February 19, 2002, Appellees moved for summary judgment.  Gilliam asserted that, based on the admissions deemed against Mina, he was entitled to judgment as a matter of law.  Ryder contended that, because Mina pleaded only a vicarious liability theory of recovery against it, it was entitled to summary judgment if Gilliam was entitled to summary judgment.

On March 15, 2002, Mina filed a motion to withdraw the admissions deemed against her.  Mina’s motion is supported by the affidavit of her counsel explaining that the failure to answer the discovery, including the admissions, was an accident.  Also on March 15, 2002, Mina filed a response to Appellees’ summary judgment motion reasserting her motion to withdraw the deemed admissions and attaching a portion of her deposition that she asserted created a fact issue in her lawsuit as to liability and damages.  The trial court conducted a summary judgment hearing on April 12, 2002 and granted summary judgment for Appellees on May 1, 2002.  In a single issue on appeal, Mina argues that the trial court abused its discretion by failing to grant her motion to withdraw the deemed admissions and by granting summary judgment for Gilliam and Ryder based on the deemed admissions.

When a party fails to answer a request for admissions, the matters therein are deemed admitted.  
Tex. R. Civ. P. 
198.2(c).  Such admissions are "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission."  
Id
. 
198.3.  The court may permit a party to withdraw deemed admissions if the party shows good cause for the withdrawal and the court finds that the parties relying on the admissions will not be unduly prejudiced and the presentation of the merits of the action will be served by the withdrawal.
  Id.
  The party seeking withdrawal of deemed admissions has the burden to establish good cause.  
Webb v. Ray
, 944 S.W.2d 458, 461 (Tex. App.—Houston [14
th
 Dist.] 1997, no writ).

A party demonstrates good cause to withdraw admissions by showing that its failure to answer was not intentional or the result of conscious indifference, but was accidental or the result of mistake, and that the parties relying on the responses will not be unduly prejudiced.  
Stelly v. Papania
, 927 S.W.2d 620, 622 (Tex. 1996).  When, however, counsel fails to answer requests for admission after the failure to answer is called to his attention, this fact weighs against a finding of "good cause."  
See Darr v. Altman
, 20 S.W.3d 802, 808 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.);
 Morgan v. Timmers Chevrolet, Inc.
, 1 S.W.3d 803, 807 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. denied);
 
cf. Tex. Capital Sec., Inc. v. Sandefer
, 58 S.W.3d 760, 771 (Tex. App.—Houston [1
st
 Dist.] 2001, pet. denied) (holding intentional act of party in providing erroneous address negated good cause for failure to timely answer requests for admission served at wrong address); 
Steffan v. Steffan
, 29 S.W.3d 627, 631 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. denied) (holding fact that litigant was pro se and said he did not understand consequences of failure to answer request for admissions did not establish good cause).  Additionally, the failure to expediently move to withdraw deemed admissions may vitiate good cause existing for a failure to timely answer requests for admission.  
Darr
, 20 S.W.3d at 808
.

A trial court has broad discretion to permit or deny the withdrawal of deemed admissions.  
Stelly
, 927 S.W.2d at 622.  An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably.  
Id.
; 
Morgan
, 1 S.W.3d at 806
.  We will not conclude that a trial court abused its discretion simply because we would have ruled differently in the same circumstances or the trial court committed a mere error in judgment.  
Coastal Tankships, U.S.A., Inc. v. Anderson
, 87 S.W.3d 591, 597 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. denied).

Here, Mina’s responses to Gilliam’s request for admissions were due November 5, 2001.  When Mina failed to timely answer any of the discovery Gilliam served upon her, Gilliam’s counsel spoke with Mina’s counsel on several occasions requesting responses to the outstanding discovery.  Finally, on December 20, 2001, Gilliam filed a motion to compel Mina’s responses to the discovery.  The hearing on Gilliam’s motion to compel was set for January 30, 2002, and later reset until February 22, 2002.  On February 11, 2002, Mina responded to Gilliam’s discovery requests.  On March 15, 2002, after Ryder and Gilliam filed their February 11, 2002 motion for summary judgment, Mina filed a motion to withdraw deemed admissions.

Mina’s counsel’s affidavit, attached to the motion to withdraw, explains that:  Ryder served discovery on Mina first; an extension of time was obtained to file responses to Ryder’s discovery; he received Gilliam’s discovery, told his legal assistant the due date, and instructed her to get Mina into the office to answer it; he relied upon his legal assistant to keep up with the overlapping discovery deadlines in this case; his niece was killed by a drunk driver on October 24, 2001, that as a result of his niece’s death he was preoccupied with family matters to the extent he was only concerned about the deadlines written on his calendar, and that the due date for Gilliam’s discovery was not written on his calendar because he intended to respond to it as soon as Mina came into his office to meet with him; Ryder’s discovery was answered on November 6, 2001; on November 20, 2001, he became aware that Gilliam’s discovery was outstanding; he realized in early December 2001 that the outstanding discovery included requests for admission; and the reason he did not file a motion to withdraw deemed admissions sooner was because the trial setting in this case was not until February 17, 2003. 

Under these circumstances, we cannot conclude that the trial court abused its discretion by impliedly refusing to permit Mina to withdraw the admissions deemed against her.  
See, e.g.
,
 
Darr
, 20 S.W.3d at 808
; 
Morgan
, 1 S.W.3d at 807.  The trial court could have concluded that Mina failed to meet her burden of establishing good cause for the withdrawal of the deemed admissions.  Although counsel knew on November 20, 2001 that Gilliam’s discovery was outstanding Mina did not answer Gilliam’s discovery until it was over three months past due.  Then, Mina did not file a motion to set aside deemed admissions until after Gilliam and Ryder moved for summary judgment on the basis of the deemed admissions.  Even though we may have ruled differently and granted Mina’s motion to withdraw deemed admissions, in light of the case law holding that when a party possesses actual knowledge of outstanding, overdue requests for admissions and deemed admissions, significant delays in answering those requests and moving to set aside those deemed admissions weighs against a good cause finding, we cannot hold that the trial court acted without reference to any guiding principles by impliedly denying Mina’s motion to withdraw deemed admissions.

Summary judgment for Gilliam and Ryder was proper based on the admissions deemed against Mina.  
See, e.g., Beasley v. Burns
, 7 S.W.3d 768, 769 (Tex. App. —Texarkana 1999, pet. denied) (affirming summary judgment based on deemed admissions).  We overrule Mina’s sole issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

[Delivered March 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.