Dismissed and Memorandum Opinion filed December 2, 2004









Dismissed and Memorandum Opinion filed December 2, 2004

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00842-CV

____________

 

LAMBERT ADUMEKWE, Appellant

 

V.

 

PEBBLEWALK APARTMENTS, Appellee

 



 

On Appeal from the County Court at
Law No. 3

Harris County, Texas

Trial Court Cause No. 819,637

 



 

M E M O R A N D U M   O
P I N I O N








Appellant=s brief was received on October 11, 2004.  The Court determined that appellant had not
properly presented this cause in his brief on file.  Appellant failed to comply with Rule 38 of
the Texas Rules of Appellate Procedure. 
Rule 38 sets out the requirements for a brief, including sections with
headings describing identity of parties and counsel, table of contents, index
of authorities, statement of the case, issues presented, statement of facts,
summary of the argument, argument, prayer, and appendix.  The brief tendered on October 11, 2004
contains a brief summary of the facts with no citation to the record, and a
prayer.  Thus, the brief did not comply
with the rules. 

On October 14, 2004, this court issued an order, requiring
appellant to file a brief complying with Rule 38.  In this order, we advised appellant that
unless he filed a brief in compliance with the rules, on or before November 15,
2004, the court would dismiss the appeal.

On October 18, 2004, appellant filed a motion, asking that we
consider the brief originally tendered. 
We denied this motion on November 11, 2004.  On November 15, 2004, the date appellant=s brief was due to be filed,
appellant filed a second motion to consider his brief tendered on October 11,
2004.  The brief is attached to the
motion.

Litigants who appear pro se must comply with the applicable
procedural rules and are held to the same standards that apply to licensed
attorneys.  See Mansfield State Bank
v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978)(holding that litigants who
represent themselves must comply with procedures established by rules
notwithstanding the fact that they are not licensed attorneys); Steffan v.
Steffan, 29 S.W.3d 627, 631 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  

Appellant has failed to comply with this court=s order of October 14, 2004.  Appellant instead, has, re-tendered the brief
which is not in compliance with Rule 38. 
If a party presents a brief that does not comply with the rules, the
court may order it amended or redrawn.  Tex. R. App. P. 38.9(a).  If another brief that does not comply with
the rules is filed, Athe court may strike the brief, prohibit the party from
filing another, and proceed as if the party had failed to file a brief.@ 
Id.  Where a party fails to
file a brief, Rule 38.8 allows the appellate court to dismiss the appeal for
want of prosecution.  Id. at
38.9(a)(1); Harkins v. Dever Nursing Home, 999 S.W.2d 571, 573 (Tex.
App.BHouston [14th Dist.] 1999, no pet.).








Accordingly, we deny appellant=s motion to consider the
non-conforming brief, we strike appellant=s non-conforming brief, and we order
the appeal dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed December 2, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App.
P. 47.3(b).