Opinion issued October 9, 2008













Opinion issued October 9, 2008                    

 

                                                



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 


 



NO.
01-07-00730-CV




 
 
 
 
 
 
 


 

 



KENNETH A. BOWIE,
Appellant

 

V.

 

ASAP MOTORS,
Appellee

 

 

 



On
Appeal from the County Civil Court at Law No. 1

Harris
County, Texas

Trial Court Cause
No. 889947

 

 

 



MEMORANDUM OPINION

Kenneth Bowie, acting pro se, has
appealed the trial court’s judgment. According to his docketing statement and
appellant’s brief, the judgment reflects that Bowie prevailed in a suit against ASAP Motors
arising out of his purchase of a defective engine, and awards him actual
damages of $1585, punitive damages in the amount of $5000, and interest.  

The clerk’s record, however, contains
a take-nothing judgment against Bowie
signed by the small claims court on March 20, 2007.  After Bowie
requested trial de novo in the county court at law, the county court signed an
order setting trial for July 30, 2007.  The
county court’s next action was to sign an order dismissing the case for want of
prosecution on August 10, 2007.

Bowie declares in his brief that he
appeared for trial on July 30, but nothing in the record indicates that Bowie appeared for trial
in the county court.  On August 22, 2007,
Bowie sent a
letter to the county court requesting that his case be reinstated and reopened,
explaining that “no one from the court system informed me that I had to appear
on August 10, 2007.”  

Given the trial court’s order of
dismissal, we can reasonably infer only that Bowie failed to appear in the county court on
the scheduled trial date.  Nowhere does
the record show that Bowie
acknowledged or explained his failure to appear for trial or to prosecute his
case in the county court.  

Moreover, Bowie did not either timely file his
appellant’s brief or move this court to extend the time for filing that
brief.  Bowie’s brief was due within thirty days
after the date the clerk’s record was filed—in other words, on October 7,
2007.  See Tex. R. App. P.
38.6(a).  On February 15, 2008, this
court notified Bowie
that his brief was past due and informed him that, to avoid dismissal of his
appeal for want of prosecution, he was required to file his brief and a motion
to extend time reasonably explaining the delay by March 6, 2008.   Bowie
filed his brief on March 5, 2008, but did not file a motion or otherwise
provide any reasonable explanation for his failure to timely file the
brief.  Bowie also failed to serve ASAP Motors with
his brief, and did not include any certificate of service.[1]  

We find it unnecessary to consider
whether to dispose of this appeal based on the several procedural grounds
available because Bowie’s
appeal, on its face, wholly lacks merit. 
Bowie does
not claim any error in the judgment, does not present any issues that would
require reversal of the trial court’s judgment, and does not cite to any legal
authority to support his appeal.  Not
only does Bowie
fail to cite to the record, he affirmatively misstates the outcome of his case
and the salient events that transpired in the trial courts below.  

As a pro se litigant, Bowie is held to the same
standards that apply to licensed attorneys. See
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex.
1978); Steffan v. Steffan, 29 S.W.3d
627, 631 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).  An
appellant’s failure to brief, or to adequately brief, an issue effects a waiver
of that issue on appeal. See Tex. R. App. P. 38.1(h); Wheeler v. Methodist Hosp., 95 S.W.3d
628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  

Conclusion

In light of the misrepresentations in
Bowie’s brief concerning the posture of this
case, his failure to present any issue warranting reversal, and his unexplained
delay in prosecuting the case, we affirm the trial court’s judgment dismissing Bowie’s suit for lack of
prosecution.  All pending motions are
dismissed as moot.

 

                                      Jane Bland

                                      Justice

 

Panel consists of Justices Jennings,
Bland, and Wilson.[2]











[1] ASAP has moved to dismiss Bowie’s appeal due to his failure to serve
the appellant’s brief or, alternatively, to extend time for it to file its
appellee’s brief.  Our disposition
renders the motion moot.





[2] The Honorable Davie L. Wilson, retired Justice, First
Court of Appeals, participating by assignment.