**Dismissed and Memorandum Opinion filed June 20, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00248-CV

---

### EDWARD PAUL CELESTINE, Appellant,

### V.

### COURTYARD OF THREE FOUNTAINS ASSOCIATION AND KRJ MANAGEMENT, INC., Appellees.

---

**On Appeal from the County Court at Law No. 1
Harris County
Trial Court Cause No. 1006812**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant Edward Paul Celestine, a condominium owner, sued appellees Courtyard of Three Fountains Association and KRJ Management, Inc., his homeowners' association and property-management company, respectively. Celestine appeals the trial court's order dismissing his petition with prejudice, and we dismiss for want of prosecution.

I

On November 2, 2011, Celestine filed his original petition against the appellees. The petition read, in its entirety:

> Please accept me no [sic] going throug [sic] the list step by step on this front page. Because of the size of documents summited [sic], I used stick on notes so it is easyer [sic] for you. I am being charge [sic] for plumbing work that is billed to the Homeowners Association, and was promise [sic] before work was done, "That this wasn't to be my bill at all." However, I did refuse to let them do the job because the "DRIP" would cost less than $5.00, if this was on my side (in my home) to repair. We pay a [sic] on the job maintenance. 5 days per week $9.00 per hour more or less for this kind of small jobs.

He attached over 200 pages of exhibits to his petition, most of which are handwritten and either illegible or difficult to read.[1]

On January 18, 2012, the appellees filed two special exceptions to Celestine's petition, arguing (1) "it does not provide 'fair-notice' of the nature and basic issues of the controversy and what testimony will be relevant," and (2) "it does not plead all elements of a/any cause of action under Texas law." The trial court sustained the appellees' special exceptions and ordered Celestine to replead a cause of action cognizable under Texas law and to provide, in plain and concise language, the nature and basic issues of the controversy, giving him ten days to do so. On February 6, Celestine filed a one-page document titled, "Defendant(s) Special Exception to Plaintiff(s) Petition," which asked the court to accept several

---

[1] The attached exhibits include the bill from the appellees; numerous notices of the delinquent payment; several miscellaneous documents, including pictures of a car and portions of Celestine's medical records; and copies of complaints Celestine filed with the Better Business Bureau, the Texas State Board of Plumbing Examiners, and the Harris County district attorney, as well as subsequent correspondence with each entity. The Board of Plumbing Examiners fined Charlie's Plumbing after discovering that the company did not have the required permits at the time Crawford worked on Celestine's home, but the board found no other misconduct. The district attorney's office advised Celestine that it only handles criminal matters.

documents that reflected his indigency. On that same day, the appellees filed a motion to dismiss Celestine's case with prejudice for his failure to comply with the court's order. The trial court held a hearing on the motion on February 28 and offered Celestine an additional 14 days to replead, but he explained that his February 6 pleading was his response to the court's order. Nevertheless, the trial court again offered him another chance to replead, warning that it would grant the appellees' motion to dismiss if it ruled based on his February 6 pleading. Celestine asked the court to rule. Accordingly, the trial court granted the appellees' motion and issued its final judgment dismissing the case.

Celestine appealed and filed his first brief on June 1, 2012. The appellees filed a motion to dismiss the appeal for failure to comply with the Texas Rules of Appellate Procedure. They also requested damages, arguing Celestine's appeal is frivolous. On July 11, this court determined that Celestine had not properly presented his appeal and ordered him to file an amended brief that complied with Rule 38.1 of the Texas Rules of Appellate Procedure. The order further advised that the court would dismiss the appeal for want of prosecution if the appellant failed to file a compliant brief within 30 days of the order. Celestine filed an amended brief on August 23. Rather than filing a responsive brief, the appellees asked this court to rule on the previously filed motion to dismiss.

II

Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). If this were not the rule, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928,

3

930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Therefore, a pro se litigant is required to properly present his case on appeal, just as he is required to properly present his case to the trial court. *Id.*

Rule 38.1 of the Texas Rules of Appellate Procedure controls the required contents and organization for an appellant's brief. *See* Tex. R. App. P. 38.1. Pursuant to the rule, an appellant's brief must contain a clear and concise argument for the contentions made that includes appropriate citations to legal authority and the appellate record. *Id.* 38.1(i); *Canton-Carter*, 271 S.W.3d at 931; *see Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("This [c]ourt has no duty to search a voluminous record without guidance from appellant to determine whether an assertion of reversible error is valid."). This requirement is not satisfied by merely providing brief, conclusory statements unsupported by legal citations. *Canton-Carter*, 271 S.W.3d at 931.

In this case, Celestine's amended brief does not comply with Rule 38.1(i). Specifically, in his argument under his first issue, he does not cite to the record, provide legal authority, or offer substantive analysis to support his argument.[2] And although Celestine cites legal authority for appellate review of his second issue, he does not cite to the record or apply that legal authority to the facts of this case.[3] His brief is similarly inadequate as to his third issue, in which Celestine argues the trial court erred by dismissing his suit because "his written brief asserts primarily five causes of action." He then elaborates on each cause of action as if his brief were a

---

[2] We also note that the remedy Celestine seeks is the imposition of sanctions against the trial court for the alleged error, which is not an available appellate remedy. *See* Tex. R. App. P. 43.2.

[3] Celestine also argues that the dismissal "is not supported by Local Rule 2.03 because a verdict or judgment was not announced nor was a written announcement of settlement filed with the Court." But there is no Rule 2.03 in the local rules of this court or of the court below. This court does have a local Rule 2.3, entitled "Filing a Paper Clerk's Record," but it is inapplicable to this appeal.

4

petition to the trial court, but he offers no legal analysis or citations to authorities or to the record in support of his appellate issue.

Because Celestine's amended brief does not satisfy the requirements of Rule 38.1, he failed to comply with this court's order of July 11, 2012. Accordingly, we strike Celestine's non-conforming briefs and order the appeal dismissed.

III

We now turn to the appellees' request for damages against Celestine under Rule 45 of the Texas Rules of Appellate Procedure.

Recovery of damages under Rule 45 is authorized if, after considering everything in its file, this court makes an objective determination that an appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc); *see* Tex. R. App. P. 45. But Rule 45 does not mandate that this court award damages in every case in which an appeal is frivolous. *Id.* The decision to award such damages is a matter within this court's discretion, which we exercise with prudence and caution after careful deliberation. *Id. at* 782.

We conclude that damages are not warranted in this case. Accordingly, we deny the appellees' request.

* * *

For the foregoing reasons, we dismiss Celestine's appeal for want of prosecution and deny the appellees' motion for just damages under Rule 45.


/s/     Jeffrey V. Brown
         Justice

Panel consists of Justices Frost, Brown, and Busby.