**Motions Granted in Part; Motion for Sanctions Denied; Order filed September 17, 2013.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-13-00523-CV

————————

### MARK THUESEN, Appellant

### V.

### CATHERINE E. SCHOOLAR, INDIVIDUALLY; CANDACE GARCIA, INDIVIDUALLY; AARON NEIL CARPENTER, INDIVIDUALLY AND CRAIG PHILLIP MALISOW, INDIVIDUALLY, Appellees

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2012-49262A**

## ORDER

Appellant is not represented by counsel in this appeal. The record was due August 22, 2013, but the clerk's record has not yet been filed. Appellant filed a motion to compel the filing of the clerk's record. We **GRANT** the motion. The court has notified the Harris County District Clerk that the record is past due. If the record is not timely filed in response to the court's notice, the court will issue an appropriate order. *See* Tex. R. App. P. 37.3(a).

Appellant filed a brief on August 15, 2013. In response, appellees filed a motion to strike the brief and for sanctions. Appellees complain that appellant's brief exceeds the word limit set out in the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9..4(i)(2)(B). In addition, the brief does not contain citations to the record. *See* Tex. R. App. P. 38.1(d), (g), and (i). An appellate court may not consider documents attached as exhibits or appendices to briefs that are not part of the appellate record. *Nguyen v. Intertex, Inc*., 93 S.W.3d 288, 292-93 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Appellant filed a response to the motion to strike and for sanctions. Appellant asserted that he understood from personnel in this court's clerk's office that he was permitted to file a brief containing the total word limit for a party, apparently without consideration of appellant's right to file a reply brief in response to appellees' brief. Litigants who appear pro se must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Accordingly, we **GRANT** appellees' motion to strike appellant's brief. We **DENY** appellees' request for sanctions. *See* Tex. R. App. P. 45. Pursuant to Rules 9.4(j) and 38.9(b), we **ORDER** appellant to file a corrected brief complying with the rules of appellate procedure on or before **thirty days after the clerk's record is filed,** subject to any requests for extensions of time that may be granted. *See* Tex. R. App. P. 38.9. If appellant fails to file a brief in substantial compliance with the Rules of Appellate Procedure as ordered herein, the appeal will be dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

PER CURIAM