**Motion Granted in Part; Order filed March 3, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-14-00764-CV
_____

**EDWARD J. SHERMAN AND EDWARD J. SHERMAN ENTERPRISES INC. D/B/A FIND IT APARTMENT LOCATORS & CITI HOMES, Appellants**

**V.**

**DATRIL BOSTON AND APARTMENT EXPRESS, LLC D/B/A MR. DAY RENTS, Appellees**

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1020809**

## ORDER

Appellee's brief was filed on February 4, 2015. Appellants filed a motion to strike the brief on February 23, 2015. Appellee filed a combined brief in an attempt to address both this appeal and a related appeal docketed under case number 14-14-00124-CV, styled *Datril Boston v. Bryce Daniel, Inc. d/b/a Fast & Free Real*

*Estate*. These appeals have not been consolidated. Because there are different parties in the two appeals, consolidation will not be ordered.

Our record reflects that appellee Datril Boston is not represented by counsel. Litigants who appear without counsel must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). No brief has been filed on behalf of the corporate appellee, Apartment Express, LLC d/b/a Mr. Day Rents. While appellee Datril Boston may appear pro se in his individual capacity, he may not file a brief on behalf of the corporate appellee. Except for the performance of ministerial tasks, corporations may appear and be represented only by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996); *see also Dell Dev. Corp. v. Best. Indus. Uniform Sup. Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied).

Furthermore, the purported appellee's brief fails to substantially comply with Rule 38 of the Texas Rules of Appellate Procedure governing the required contents of appellate briefs. In particular, appellee has failed to respond to appellants' issues concisely and provide a clear and concise argument for each contention made, with appropriate citations to the record and to authority. Tex. R. App. P. 38.2(a). In addition, we may not consider documents attached to an appellate brief that are not a part of the appellate record. *See Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (refusing to consider document attached to petition but not contained in clerk's record); *Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 932 n. 2 (Tex. App.—Houston [14th Dist.] 2008, no

pet.) (refusing to consider documents attached to appellate brief that were not part of appellate record).

We grant appellants' motion in part and issue the following order:

We **STRIKE** appellee's brief filed February 4, 2015. Pursuant to Rule 38.9, the court orders appellee Datril Boston to file an amended brief that complies with the rules of appellate procedure on or before **March 27, 2015**. *See* Tex. R. App. P. 38.9. If appellee fails to file an amended brief in compliance with the appellate rules as ordered herein, the court will consider the appeal without appellee's brief.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.