COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHANNES P. VANDERAA and MARIA C. VANDERAA, | § | No. 08-09-00172-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 327th District Court |
| | § | |
| LVDVD, L.C., DESERT VIEW DAIRY, L.C., TONY BOS and BRADLEY BOUMA, | § | of El Paso County, Texas |
| | § | (TC# 2006-3721) |
| | § | |
| Appellees. | | |

## O P I N I O N

Appellants, Johannes and Maria Vanderaa, appeal the trial court's summary judgment in favor of Appellees, LVDVD, L.C., Desert View Dairy, L.C., Tony Bos, and Bradley Bouma. Finding Appellants failed to comply with the briefing requirements in Rule 38.1 of the Texas Rules of Appellate Procedure, we conclude nothing is presented for review and therefore, affirm the trial court's judgment.

## BACKGROUND

After their property was damaged from rain water runoff, Appellants, along with six other named plaintiffs, filed a nuisance suit against Appellees. Those other plaintiffs later settled and their suits against Appellees were dismissed. Subsequently, Appellees filed a no-evidence motion for summary judgment, asserting Appellants' nuisance claims were barred by Section 251.004 of the Texas Agriculture Code. Appellants filed no response, and the trial court later granted Appellees' motion for summary judgment.

## DISCUSSION

Although we assume Appellants are complaining of the trial court's order granting summary judgment in favor of Appellees, we note that Appellants' brief is in letter form, fails to explicitly state the issues presented, and lacks many of the sections required to be included under the briefing rules, including a table of contents, index of authorities, a statement of the case, a statement regarding oral argument, a summary of the argument, and a clear and concise argument for the contentions made with citations to the record. Moreover, Appellants fail to cite any case law supporting their complaints. We note that we previously ordered Appellants to comply with Rule 38.1 of the Texas Rules of Appellate Procedure when their prior brief was rejected by this Court. It is clear that Appellants have still failed to comply with the rules as their "brief" merely consists of factual recitations not found in the record and assertions of what they would have presented in response to Appellees' motion for summary judgment without any legal analysis or providing an adequate basis for reversing the trial court's decision.

Although we must construe Appellants' brief liberally, as they are appearing *pro se*, it is well settled that Appellants still must comply with all applicable briefing rules. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). Accordingly, an appellate brief must follow the guidelines in Rule 38.1 of the Rules of Appellate Procedure and contain a table of contents, index of authorities, a

statement of the case and a statement regarding oral argument, issues presented, a summary of the argument, and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. We will not make Appellants' arguments for them. *See Robertson v. Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.–Dallas 2006, no pet.); *Beard v. Beard*, 49 S.W.3d 40, 67 (Tex. App.–Waco 2001, pet. denied). When, as here, the brief fails to include those sections and lacks any arguments, legal analysis, or citations to the record and legal authority analogous to those contentions uttered at bar, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Therefore, we overrule Appellants' issues as inadequately briefed.

## CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

April 14, 2010

Before Chew, C.J., McClure, and Rivera, JJ.
Chew, C.J., not participating