**Opinion issued August 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00703-CV

—————————————

**SANDRA P. BERNSTEIN AND HEIDI R. POWELL, D/B/A HEIGHTS CONTEMPORARY FINE ARTS GALLERY, Appellants**

**V.**

**JAMES ADAMS, CLAIRE RICHARDS, MICHAEL TOLLESON, MI WANG, AND ADAMS-FERRO, INC., Appellees**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 995535**

---

## MEMORANDUM OPINION

Appellants Sandra P. Bernstein and Heidi R. Powell, d/b/a Heights

Contemporary Fine Arts Gallery, appeal from a default summary judgment entered

against them in favor of the appellee artists who entrusted Powell and Bernstein with the sale of their artwork. Powell and Bernstein argue that the trial court erred by denying their motion to set aside the judgment because they allegedly did not receive notice of the date of the summary-judgment hearing. We affirm.

## Background

Powell and Bernstein operate an art gallery from which they sell artwork for artists and collect a commission on the sales. They also charge artists fees for use of the gallery space and hosting art openings. In 2011, several artists sued Powell and Bernstein for failing to pay them the proceeds of sales of their artwork, alleging causes of action for violations of statutory duties owed by commission merchants, breach of contract, conversion, theft, fraud, negligence, money had and received, suit on debt, and violations of the Deceptive Trade Practices Act. They sought to recover actual damages, enhanced statutory damages, mental anguish damages, punitive damages, and attorney's fees. Powell and Bernstein each filed an answer and responded to the artists' request for disclosures. The artists then filed a motion for summary judgment, attaching affidavits that described the artwork that was sold without compensation to the artists. The artists also attached a list of their requested admissions to which Powell and Bernstein had not responded.

2

The record does not reflect that Powell and Bernstein responded to the artists' motion for summary judgment. But after hiring an attorney, they filed a motion for continuance to postpone the date of the summary-judgment hearing. The hearing was reset for February 24, 2012. On February 15, Powell and Bernstein's attorney moved to withdraw as their counsel. The summary-judgment hearing date was then reset again for April 17, and notice was sent to Powell and Bernstein's attorney. On April 11, the trial court held a hearing on the motion to withdraw and granted that motion.

On April 17, 2012, the trial court held the scheduled hearing on the artists' motion for summary judgment. The trial court granted the motion, and it signed a final judgment awarding damages and attorney's fees on April 23. Notice of the judgment was sent to Powell and Bernstein on the same day. Almost a month later, Powell and Bernstein filed a motion to set aside the summary judgment, asserting that they had evidence raising a question of material fact for each of the artists' causes of action. Powell and Bernstein attached copies of their artist agreement form, a sales and use tax permit for the gallery, and registration records of the gallery's assumed names.

A hearing on the motion to set aside was held on June 27. The artists presented two witnesses, employees of the law firm that formerly had represented Powell and Bernstein. An attorney of the firm testified that a certified letter with

3

notice of the April 17 summary-judgment hearing was sent to Powell and Bernstein. The legal administrator for the firm testified that he discussed the April 17 hearing with Bernstein. In response to questions by the court, Powell and Bernstein simply stated that they had not received notice of the April 17 date.

The trial court denied Powell and Bernstein's motion. They then filed notice of this appeal. The appellees challenge the timeliness of their appeal, but Powell and Bernstein complied with the filing deadlines under the Texas Rules of Civil Procedure. The final judgment was entered on April 23, 2012. The defendants filed a motion to set aside the judgment on May 19, extending the time to file a notice of appeal until July 22. *See* TEX. R. APP. P. 26.1. They filed their notice of appeal on July 27, 2012, within 15 days of the deadline. On September 20, 2012, they filed a motion to extend time to file appeal, explaining that they did not realize they needed to file a notice of appeal before their motion to set aside was ruled upon. *See* TEX. R. APP. P. 26.3.

## Analysis

Powell and Bernstein raise four issues on appeal. First, they complain that they did not receive notice that a substitute judge would preside over a hearing they attended. Second, they contend that the trial court erred by holding the April 17 summary-judgment hearing when they were not present and allegedly had not been notified of the hearing. Third, they complain that they were not allowed to

4

present oral testimony at the June 27 hearing on the motion to set aside the summary judgment. Fourth, they allege that the trial court erred by "disregarding" their "demonstration, witnesses, and documents," which they allege raise questions of material fact.

## I. Waived issues

A trial court may not grant summary judgment by default because "summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see also Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If a nonmovant fails to present any issues in its response or answer to the motion for summary judgment, however, the nonmovant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal"); *McConnell*, 858 S.W.2d at 343; *see also Rhone-Poulenc*, 997 S.W.2d at 223 ("The trial court may not grant summary judgment by default . . . when the movant's summary judgment proof is legally insufficient."). In this

case, Powell and Bernstein do not attack the sufficiency of the proof supporting the summary judgment.[1]

In addition, because they did not present them to the trial court, Powell and Bernstein also have not preserved for appeal their complaints concerning (1) the lack of notification that a substitute judge would preside over the January 13 hearing they attended and (2) the trial court's alleged disregard of their "demonstration, witnesses, and documents." *See* TEX. R. APP. P. 33.1. Although at the motion to set aside hearing Powell and Bernstein requested the opportunity to present evidence in response to the motion for summary judgment, a response to a motion for summary judgment must be made in writing. TEX. R. CIV. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). Accordingly, we overrule Powell and Bernstein's first and fourth issues.

---

[1] Even though Powell and Bernstein note that a summary judgment cannot stand when there exists "a scintilla of evidence that there is a question of material fact," they never dispute the summary-judgment evidence offered by the artists. Powell and Bernstein's arguments instead focus on the alleged denial of the opportunity for them to present their own evidence raising a question of material fact. Although we construe briefs liberally, TEX. R. APP. P. 38.9, we will not make appellants' arguments for them. *Vanderaa v. LVDVD, L.C.*, 314 S.W.3d 116, 118 (Tex. App.—El Paso 2010, no pet.); *Robertson v. Sw. Bell Yellow Pages*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.); *see also Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Thus, we do not read Powell and Bernstein's brief to challenge the sufficiency of the evidence presented by the artists.

## II.       Motion for new trial

Powell and Bernstein have, however, preserved their complaint that they were deprived of an opportunity to present a defense under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939), because they alleged that they did not receive notice of the date of the summary-judgment hearing.  In *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–84 (Tex. 2002), the Supreme Court of Texas held that *Craddock* does not extend "to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines."  Rather, a nonmovant who fails to timely respond to a motion for summary judgment may seek a continuance or permission to file a late response.  *Id.* at 686.  If a nonmovant files a motion for new trial in which it attaches a response, argues the response is timely, and requests that the summary judgment be set aside, that motion for new trial is sufficient to preserve error by putting the trial court on notice that the nonmovant seeks a motion for leave to file a late summary-judgment response and a motion to withdraw deemed admissions. *Wheeler v. Green*, 157 S.W.3d 439, 421–22 (Tex. 2005) (applying *Carpenter* in the context of a pro se litigant); *Nguyen v. Kuljis*, No. 01-11-00608-CV, 2013 WL 2301820, at *4 (Tex. App.—Houston [1st Dist.] May 21, 2013, pet. filed).

7

We review a trial court's ruling on a motion to withdraw deemed admissions or a motion for leave to file a late summary-judgment response for an abuse of discretion, which occurs when the trial court acts without reference to guiding rules or principles. *Carpenter*, 98 S.W.3d at 687–88. A trial court may allow a late summary-judgment response or withdrawal of deemed admissions upon a showing of good cause and no undue prejudice. *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011). "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler*, 157 S.W.3d at 442. A pro se litigant who attends a summary-judgment hearing, but displays genuine confusion over discovery deadlines, summary-judgment procedures, and "what a summary judgment 'hearing' was" has shown evidence of good cause. *Marino*, 355 S.W.3d at 633. Mere mistakes of when "service" occurs or how to correct a failure to timely file a response do not demonstrate the requisite conscious disregard or deliberate neglect that negates a showing of good cause. *See id.*; *Wheeler*, 157 S.W.3d at 443. Similarly, a pro se litigant's mistaken belief that a co-defendant's summary-judgment response is sufficient to respond for all the defendants does not demonstrate intent or conscious indifference. *See Nguyen*, 2013 WL 2301820, at *5.

Powell and Bernstein's only argument concerning the trial court's failure to grant their motion is their factual assertion that they did not receive notice of the

8

April 17 summary judgment hearing. But the trial court was presented with evidence that the law firm sent notice of the hearing to them and that they knew about the hearing date. At the hearing on the motion to set aside the summary judgment, an attorney from the firm that represented Powell and Bernstein testified that a certified letter that included the "Second Amended Notice of Summary Judgment Hearing" was sent to both Powell and Bernstein. A copy of the "Second Amended Notice" was included in the record that lists the hearing date as April 17. The legal administrator for the firm testified that he discussed the April 17 hearing date with Bernstein and what would happen if she did or did not appear at the hearing. Although Powell and Bernstein said that they did not receive the notice, it was in the trial court's discretion not to believe that testimony.

This is not a case in which there was "no evidence of flagrant bad faith or callous disregard for the rules." *See Wheeler*, 157 S.W.3d at 444 (noting that in the absence of such evidence and evidence of undue prejudice, a trial court abuses its discretion in denying the motion for new trial). Powell and Bernstein's knowing failure to appear was evidence that they were not merely mistaken about the nature of the summary-judgment hearing, but consciously indifferent to the deadlines and consequences it imposed. *See id.* (considering pro se litigant's appearance at summary-judgment hearing as establishing that she was merely mistaken as to what such a hearing was); *Nguyen*, 2013 WL 2301820, at *5 (considering that pro

9

se litigants "participated in the proceedings"). The legal administrator for the firm they had hired testified that he informed Bernstein that she and Powell faced a default judgment for failing to appear at the hearing. Rather than merely missing the deadlines for a few days, Powell and Bernstein never filed a response to the artists' requests for admissions or filed a response to the summary-judgment motion. *See Wheeler*, 157 S.W.3d at 443 (noting that pro se litigant's responses to admissions request was only two days late under the rules and filed six months before hearing on summary-judgment motion). Based on this evidence, the trial court did not abuse its discretion in denying Powell and Bernstein's motion for new trial.

We overrule Powell and Bernstein's second and third issues on appeal.

## Conclusion

We affirm the judgment of the trial court.


                                     Michael Massengale
                                     Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.