ACCEPTED
01-15-00151-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/16/2015 4:54:46 PM
CHRISTOPHER PRINE
CLERK

**Nos. 01-15-00149-CR, 01-15-00150-CR, 01-15-00151-CR**

In the

Court of Appeals

For the

First District of Texas

At Houston

──────────◆──────────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/16/2015 4:54:46 PM

CHRISTOPHER A. PRINE
Clerk

**Nos. 1974171, 1974172, 2001637**

In the County Criminal Court at Law No. 4

Of Harris County, Texas

──────────◆──────────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/16/2015 4:54:46 PM

CHRISTOPHER A. PRINE
Clerk

**JAMES GUZMAN,** *pro se*

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

──────────◆──────────

STATE'S APPELLATE BRIEF

──────────◆──────────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
mclean_patricia@dao.hctx.net

**THOMAS WADDLE**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.1, the State waives oral argument because the briefs in this case adequately address the issues of fact and law to the Court.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson**—District Attorney of Harris County

**Thomas Waddle**—Assistant District Attorney at trial

**Patricia McLean**—Assistant District Attorney on appeal

Appellant:

**James Guzman**

Counsel for Appellant:

**Alejandro Macias**—Defense counsel at trial

**James Guzman**—*pro se* on appeal

Trial Judge:

**Hon. John Clinton**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................................................i

IDENTIFICATION OF THE PARTIES ...................................................................... ii

INDEX OF AUTHORITIES......................................................................................iv

STATEMENT OF THE CASE......................................................................................1

STATEMENT OF JURISDICTION ............................................................................1

STATEMENT OF FACTS ...........................................................................................3

SUMMARY OF THE ARGUMENT ...........................................................................4

RESPONSE TO APPELLANT'S SOLE POINT OF ERROR.....................................5

    I.    Due to substantial noncompliance with TEX. R. APP. P. 38.1, appellant has not properly presented any issue for appellate review...................................5

    II.    Appellant's point of error is substantively without merit. .............................7

        A.    The evidence is sufficient to support appellant's convictions because appellant judicially confessed to the offenses. ...........................................8

        B.    The record is devoid of any information to show appellant's pleas were involuntary. ...................................................................................................9

            1.    Appellant failed to establish reversible error occurred under Brady. .....9

            2.    Appellant failed to show his trial counsel's actions fell below an objective standard of reasonableness. ...................................................11

CONCLUSION .........................................................................................................13

CERTIFICATE OF SERVICE ..................................................................................14

CERTIFICATE OF COMPLIANCE .........................................................................14

# INDEX OF AUTHORITIES

**CASES**

*Blanco v. State*,

    18 S.W.3d 218 (Tex. Crim. App. 2000)................................................................2

*Chavez v. State*,

    183 S.W.3d 675 (Tex. Crim. App. 2006)............................................................2

*Ex parte Moody*,

    991 S.W.2d 856 (Tex. Crim. App. 1999)..........................................................12

*Ex parte Morrow*,

    952 S.W.2d 530 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998)......12

*Ex parte Williams*,

    703 S.W.2d 674 (Tex. Crim. App. 1986)............................................................8

*Hajjar v. State*,

    176 S.W.3d 554 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) .....................6

*Harm v. State*,

    183 S.W.3d 403 (Tex. Crim. App. 2006)..........................................................10

*Hill v. State*,

    No. 14-14-00337-CR, 2015 WL 1736348 (Tex. App.—Houston [14th Dist.]
    April 14, 2015, no pet.) (mem. op., not designated for publication) ...................12

*Keller v. State*,

    125 S.W.3d 600 (Tex. App.—Houston [1st Dist.] 2003), *review dism'd as
    improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004), *cert. denied*,
    544 U.S. 906 (2005) .....................................................................................8, 9

*Little v. State*,

991 S.W.2d 864 (Tex. Crim. App. 1999)...............................................................10

*Mallett v. State*,

65 S.W.3d 59 (Tex. Crim. App. 2001)...................................................................12

*Pena v. State*,

353 S.W.3d 797 (Tex. Crim. App. 2011)...............................................................10

*Rylander v. State*,

101 S.W.3d 107 (Tex. Crim. App. 2003)...............................................................11

*Steffan v. Steffan*,

29 S.W.3d 627 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)...................5

*Strickland v. Washington*,

466 U.S. 668 (1984) ..............................................................................................11

*Thierry v. State*,

288 S.W.3d 80 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) .......................6

*Thomas v. State*,

841 S.W.2d 399 (Tex. Crim. App. 1992)...............................................................10

*Thompson v. State*,

9 S.W.3d 808 (Tex. Crim. App. 1999)...............................................................11, 12

*Vanderaa v. LVDVD, L.C.*,

314 S.W.3d 116 (Tex. App.—El Paso 2010, no pet.)........................................5, 7

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 39.14 (West 2013)........................................10

TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2013)..............................................2

**RULES**

TEX. R. APP. P. 25.2.......................................................................................1, 2

TEX. R. APP. P. 38.1................................................................................ 5, 6, 13

TEX. R. APP. P. 38.9........................................................................................6

TEX. R. APP. P. 39.1........................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by information in three cases with misdemeanor assault. (C.R. I at 7; C.R. II at 7; C.R. III at 6)[1] In two cases, the information was enhanced with a prior conviction for felony assault-family member. (C.R. I at 7; C.R. II at 7) In his third assault case, the information was enhanced with a prior conviction for misdemeanor assault. (C.R. III at 6) Appellant pled guilty in all three cases and was sentenced to 120 days in the Harris County Jail. (C.R. I at 10-11, 16; C.R. II at 10-11, 16; C.R. III at 10-11, 15) Appellant timely filed a *pro se* notice of appeal, however the trial court certified appellant had no right of appeal in any of his cases. (C.R. I at 19, 22; C.R. II at 19, 22; C.R. III at 18, 21; *see* C.R. I at 17, 23; C.R. II at 17, 23; C.R. III at 16, 22)

## STATEMENT OF JURISDICTION

Under Texas Rule of Appellate Procedure 25.2(a)(2), a plea-bargaining defendant, who pled guilty and received a sentence that did not exceed the agreed-upon sentence, may appeal only: 1) those matters raised by written motion and ruled on before trial or 2) after getting the trial court's permission to appeal. *See*

---

[1] C.R. I refers to the clerk's record for cause number 1971471 (No. 01-15-00149-CR);
C.R. II refers to the clerk's record for cause number 1974172 (No. 01-15-00150-CR);
C.R. III refers to the clerk's record for cause number 2001637 (No. 01-15-00151-CR).

*also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2013). Additionally, a defendant's waiver of appeal in exchange for a sentence for which he bargained with the State is enforceable. *See Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000).

Appellant pled guilty and was sentenced pursuant to a plea bargain between himself and the State. (C.R. I at 10-11, 16-17; C.R. II at 10-11, 16-17; C.R. III at 10-11, 15-16; *see* C.R. I at 27; C.R. II at 27; C.R. III at 26) No pre-trial motions were filed by appellant or his attorney and ruled upon before his pleas.[2] Appellant affirmed he pled guilty and received the sentences for which he bargained with the State. (*See* R.R. I at 4-5; R.R. II at 4-5; R.R. III at 4-5)[3] Appellant waived his right to appeal and the trial court certified he had no right of appeal. (C.R. I at 10, 19; C.R. II at 10, 19; C.R. III at 10, 18) Appellant recalled the trial court's admonishment regarding his waiver of appeal and the trial court expressly denied him permission to appeal. (R.R. I at 5, 8-9; R.R. II at 5, 8-9; R.R. III at 5, 8-9)

Appellant's waiver of appeal is enforceable and he has not fulfilled the requirements to invoke this Court's jurisdiction over his appeal. *See* TEX. R. APP. P. 25.2(a)(2) (West 2013); TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2013); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (stating appellate

---

[2] Appellant's trial counsel appears to have withdrawn from representing appellant once the pleas were completed. (*See* C.R. I at 9, 11)

[3] R.R. I refers to the reporter's record for cause number 1974171 (No. 01-15-00149-CR);

2

courts, "must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). Therefore, appellant's appeal should be dismissed for want of jurisdiction.

## STATEMENT OF FACTS

Appellant was charged by information with striking one complainant with his hand on July 14, 2014, striking a second complainant with a tattoo gun on July 14, 2014, and striking a third complainant with a closed fist on December 29, 2014. (C.R. I at 7, C.R. II at 7, C.R. III at 6) From the record, it appears warrants for appellant's arrest for the July assaults were issued on July 22, 2014, and appellant was ultimately arrested for all offenses after the December assault. (C.R. I at 15; C.R. II at 15; C.R. III at 7) Appellant is an "extended family member" of the complainants in the July assaults and a cousin of the complainant in the December assault. (C.R. I at 5-6; C.R. II at 5-6; C.R. III at 7)

Appellant pled guilty to all three cases on January 5, 2015, pursuant to a plea bargain agreement reached between himself and the State. (C.R. I at 10-11; C.R. II at 10-11; C.R. III at 10-11) Appellant's sentences matched the plea bargain agreements. (C.R. I at 16-17; C.R. II at 16-17; C.R. III at 15-16; *see* C.R. I at 10; C.R. II at 10; C.R. III at 10) As part of his pleas of guilty, appellant waived his

R.R. II refers to the reporter's record for cause number 1974172 (No. 01-15-00150-CR);
R.R. III refers to the reporter's record for cause number 2001637 (No . 01-15-00151-CR).

3

right of appeal and signed documentation stating he was satisfied with the evidence disclosed to his counsel and withdrawing requests for further discovery. (C.R. I at 10-14; C.R. II at 10-14; C.R. III at 10-14) The record contains no written motions filed and ruled upon by the trial court prior to the pleas. The trial court certified each case was a "plea-bargain case, and [appellant] has NO right of appeal," signed by appellant in each case. (C.R. I at 19; C.R. II at 19; C.R. III at 18)

At a hearing held on February 5, 2015, appellant affirmed he signed waivers of appeal and understood the trial judge's admonishment that the pleas were final "and there was no appeal." (R.R. I at 5, 9; R.R. II at 5, 9; R.R. III at 5, 9) The trial court denied appellant permission to appeal. (R.R. I at 8; R.R. II at 8; R.R. III at 8) On February 15, 2015, appellant filed a Pro Se Motion to Reverse and Remand "to dismissal due to insufficient evidence" that was denied by the trial court. (C.R. I at 24; C.R. II at 24; C.R. III at 23)

## SUMMARY OF THE ARGUMENT

Because appellant waived appeal to pled guilty and receive the punishment agreed upon between himself and the State, the trial court certified appellant had no right of appeal and expressly denied him permission to appeal, and appellant filed no pre-trial motions ruled upon prior to his guilty pleas, appellant failed to invoke this Court's jurisdiction over his appeal. Therefore, appellant's appeal should be dismissed for want of jurisdiction.

4

Alternatively, because appellant substantially failed to comply with Texas Rule of Appellate Procedure 38.1, his brief is so unclear as to prevent the State from properly responding to or this Court from evaluating any issues on appeal. Therefore, appellant's complaint should be overruled for failure to present any issues for appellate review. Finally, because the evidence is sufficient to support appellant's convictions and he failed to show that ineffective assistance of counsel or a *Brady* violation occurred, appellant failed to show his pleas were involuntary.

## RESPONSE TO APPELLANT'S SOLE POINT OF ERROR

In his sole point of error, appellant seems to assert multiple complaints: 1) the evidence is insufficient to support his convictions, as he is actually innocent of the charges, and 2) his pleas were involuntary due to either a *Brady* violation by the State or ineffective assistance of his defense counsel. (Appellant's Brief at 2-3)

**I. Due to substantial noncompliance with TEX. R. APP. P. 38.1, appellant has not properly presented any issue for appellate review.**

Though appellate courts must construe appellate briefs liberally, *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Steffan v. Steffan*, 29 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Vanderaa v. LVDVD, L.C.*, 314 S.W.3d 116, 117 (Tex. App.—El Paso 2010, no pet.) (overruling appellants' issues as inadequately briefed where appellants' briefs failed to include several sections

5

mandated by Rule 38.1 and lacked any "arguments, legal analysis, or citations to the record and legal authority analogous to those contentions . . . ."); TEX. R. APP. P. 38.9. Additionally, an appellate court is not required "to search through the record for support of an appellant's assertion of error." *Thierry v. State*, 288 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *see Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)).

Texas Rule of Appellate Procedure 38.1 lists the requirements of an appellant's brief. Some of the features an appellant's brief must include are: an identity of parties and counsel, a table of contents, an index of authorities, a statement regarding oral argument, issues presented, a statement of facts, and a summary of the argument. TEX. R. APP. P. 38.1(a)-(c), (e)-(h). Appellant's brief contains none of these features.

Additionally, Rule 38.1 mandates that the argument in appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant's brief must also give a statement of the case that should be supported by record references and not discuss the facts. TEX. R. APP. P. 38.1(d). Appellant's brief makes no reference to the record or any legal authority and his argument is unclear. Specifically, appellant's argument that "trial counsel was ineffective assistance of counsel for failing to disclose that [the complainants] had intensive family violence

6

cases pending and warrants" and "the outcome of trial would've been different had the arrest records of [the complainants] been made aware to the court by the ineffective assistance of trial counsel" is unclear as to whether he claims his defense counsel was ineffective for not informing appellant or "the Court" of impeachment information regarding the complainants or that the State failed to disclose impeachment information to appellant's defense counsel. (Appellant's Brief at 2-3) Appellant also fails to explain or support with record and authority citations how his claim of actual innocence relates to his assertion that "trial counsel" was ineffective. As appellant failed to move for a new trial or provide any affidavit from his defense counsel to clarify the issue, the State is unable to properly respond to appellant's indistinct assertions.

Therefore, because appellant's brief complies with almost none of the mandates of Rule 38.1, he has presented nothing for review to this Court and any issues should be overruled. *See Vanderaa*, 314 S.W.3d at 118 (noting appellate court "will not make [a]ppellants' arguments for them" when appellants failed to comply with Tex. R. App. P. 38.1 after the Court's prior rejection of their brief).

## II. Appellant's point of error is substantively without merit.

Although appellant's arguments are unclear and intertwined, appellant appears to complain that: 1) the evidence is insufficient to support his conviction, due through an actual innocence claim, and 2) his plea was involuntary due to a

failure to disclose some sort of family violence warrants, pending cases, and/or incarceration regarding the complainants (which also potentially raises either a claim of a *Brady* violation by the State or a claim of ineffective assistance of appellant's defense counsel). As appellant judicially confessed to the offenses and the record is silent as to any support for appellant's contentions regarding his involuntary plea complaint, his point of error is substantively without merit.

## A. The evidence is sufficient to support appellant's convictions because appellant judicially confessed to the offenses.

A sufficiency review regarding a defendant who pleads guilty differs from the traditional *Jackson* sufficiency analysis. *Keller v. State*, 125 S.W.3d 600, 604-605 (Tex. App.—Houston [1st Dist.] Oct. 30, 2003), *pet. dism'd as improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 906 (2005). A guilty plea "waives all non-jurisdictional defenses, including challenges to the sufficiency of the evidence." *Id.* at 605 (citing *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986)). Instead, review is conducted to determine if there is sufficient evidence supporting a defendant's judgment of guilt under TEX. CODE CRIM. PROC. ANN. art 1.15. *Id.*

Here, appellant pled guilty to assault and waived appeal in all three cases. (C.R. I at 10-11; C.R. II at 10-11; C.R. III at 10-11) Appellant also acknowledged he understood the trial court's admonishment regarding his waiver of appeal. (R.R.

I at 5, 9; R.R. II at 5, 9; R.R. III at 5, 9) Therefore, appellant's judicial confessions are sufficient to support his conviction in each case. *See Keller*, 125 S.W.3d at 605 (finding defendant's judicial confession sufficient to show he used deadly weapon).

### B. The record is devoid of any information to show appellant's pleas were involuntary.

Although unclear from his brief, appellant seems to complain that, because alleged family violence criminal histories of the complainants were not disclosed, "the outcome of trial would've been different," indicating potentially that his guilty pleas were involuntary. (Appellant's Brief at 3) Though extremely vague as to whether appellant's contention is that the State never disclosed impeachable criminal history of the complainants to his defense counsel, or that his defense counsel failed to disclose any such information "to the Court," the State will address both of these complaints in what appears to be the context of a challenge to the voluntariness of appellant's pleas. (*See* Appellant's Brief at 2-3)

Because appellant failed to meet his burden regarding an alleged *Brady* violation by the State or an ineffective assistance of counsel claim, he has failed to show his pleas were involuntary.

### 1. Appellant failed to establish reversible error occurred under Brady.

To establish reversible error regarding an alleged *Brady* violation, appellant has the burden to show: 1) the State suppressed evidence, 2) the suppressed

9

evidence is favorable to appellant, and 3) the suppressed evidence is material. *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006) (citing *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999); *Thomas v. State*, 841 S.W.2d 399, 402-403 (Tex. Crim. App. 1992)). While the State has a duty to disclose material, exculpatory evidence, it does not have a duty to disclose such information "if the defendant was actually aware of the exculpatory evidence or could have accessed it from other sources." *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011).

Regarding what could be a potential *Brady* claim of error, appellant recites in his brief alleged "incarcerat[ions] for family violence," "intensive family violence cases pending and warrants" for the listed complainants, yet makes no assertion that he received such information only after his guilty pleas were entered or that he was unaware of any such information prior to his pleas. (Appellant's Brief at 2-3) Furthermore, the record evidence shows all of the complainants are family members of appellant, indicating appellant likely knew of any criminal history they may have had. (*See* C.R. I at 5-6; C.R. II at 5-6; C.R. III at 7)

Additionally, appellant's brief gives no specific information regarding any alleged offenses and makes no assertion as to whether the alleged family violence "incarcerat[ions]," "cases pending and warrants" were in fact impeachable prior convictions subject to disclosure under *Brady* or TEX. CODE CRIM. PROC. ANN. art. 39.14(h). Because appellant never moved for a new trial or had his attorney

provide an affidavit regarding whether any impeachable information was disclosed to him by the State before appellant's plea, the record is silent as to any of these questions. Therefore, appellant failed to establish that: 1) if such family violence impeachment information did exist, it was undisclosed by the State to appellant's defense counsel or unknown to appellant at the time of his pleas, and 2) if there was a failure to disclose impeachment information, the failure was material, given the record evidence. (*See* C.R. I at 5-6; C.R. II at 5-6; C.R. III at 7) Therefore, appellant failed to show reversible error under *Brady* and this Court should overrule this point of error.

2. *Appellant failed to show his trial counsel's actions fell below an objective standard of reasonableness.*

To show his trial counsel was ineffective, appellant must demonstrate: 1) trial counsel's performance was deficient because it fell below an objective standard of reasonableness, and 2) a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)).

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness

11

of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998)).

There is a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy, so appellant has the burden to show his attorney's performance "fell below a reasonable standard of competence and that [appellant] would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised . . . ." *Id.* at 858; *Hill v. State*, No. 14-14-00337-CR, 2015 WL 1736348, at *2 (Tex. App.—Houston [14th Dist.] April 14, 2015, no pet.) (mem. op., not designated for publication) (citing *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813).

Any allegation of ineffectiveness must be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (quoting *Thompson*, 9 S.W.3d at 814). Here, the record is completely devoid of any inference or complaint that appellant's trial counsel was ineffective in any manner. Therefore, as the record is

12

silent as to any reasoning behind appellant's trial counsel's actions, appellant has not met his burden to demonstrate his counsel was ineffective and this Court should overrule appellant's point of error.

Because appellant failed to establish reversible error under *Brady* or ineffective assistance of his trial counsel, his point of error is without merit and should be overruled by this Court.

## <u>CONCLUSION</u>

It is respectfully submitted that this Court dismiss this appeal for want of jurisdiction. Alternatively, it is respectfully submitted that this Court overrule appellant's presented issues due to substantial noncompliance with TEX. R. APP. P. 38.1 or due to appellant's failure to establish a meritorious claim.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24081687
mclean_patricia@dao.hctx.net

13

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument will be mailed to appellant at the following addresses:

James E. Guzman, pro se
TDC# 01023457; SPN 01125709
Texas Department of Criminal Justice
Joe F. Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

James E. Guzman, pro se
TDC# 01023457; SPN 01125709
Texas Department of Criminal Justice
P.O. Box 99
Huntsville, TX 77342-0099

/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
TBC No. 24081687

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,850 words, based upon the representation provided by the word processing program that was used to create the document.

/s/Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 24081687

Date: 6/16/2015

14